J-S45017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 791 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0006098-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 792 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007000-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 793 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007001-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|   |   |   |
|---|---|---|
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 794 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No:  CP-23-CR-0000576-1999

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 28, 2023**

Appellant, Marcus Johnson, appeals *pro se* from the March 4, 2022 order of the Court of Common Pleas of Delaware County dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are not at issue. Briefly, the underlying convictions arose out of four separate robberies of two "Wawa" convenience stores: the first in Upper Darby on September 22, 1998, and the following three at the same "Wawa" in Yeadon on October 5, October 7, and October 13, 1998.  The jury, on March 16, 2000, found Appellant guilty of the charged offenses, and the trial court imposed sentence on May 2, 2000. Appellant took a direct appeal to this Court, and we affirmed the judgment of sentence on August 29, 2001.  **Commonwealth v. Johnson**, No. 1891 EDA 2000, unpublished memorandum (Pa. Super. filed August 29, 2001).

Appellant filed his first PCRA petition on September 20, 2001, which the PCRA court denied without a hearing.  This Court, on June 30, 2003, affirmed

the denial of PCRA relief, *see Commonwealth v. Johnson*, No. 2596 EDA 2002, unpublished memorandum (Pa. Super. filed June 30, 2003), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Johnson*, 847 A.2d 1280 (Pa. 2004).

On December 16, 2009, Appellant filed his second PCRA petition, which the PCRA court denied on December 19, 2011, after holding an evidentiary hearing. On appeal, we affirmed. *See Commonwealth v. Johnson*, No. 336 EDA 2012, unpublished memorandum (Pa. Super. filed November 9, 2012).

On September 19, 2013, Appellant filed his third PCRA petition, which he amended on December 12, 2014. In his third petition, as amended, Appellant alleged newly-discovered facts,[1] which, in Appellant's estimation, qualified as a *Brady*[2] violation. The PCRA court dismissed the petition on

---

[1] In his third PCRA petition, Appellant alleged that

> the discovery that witness Jackie Hayes had spoken with police after the crimes and also with a composite sketch artist, and that the police had told a second witness, Lakeisha Robinson, that they "had their man" before the identification of Appellant, amounted to the discovery of new evidence and a *Brady* violation by the police[.]

*Johnson*, No. 3759 EDA 2015, unpublished memorandum, at 8 (Pa. Super. filed December 12, 2016.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that a due process violation occurs when the state suppresses or fails to disclose material exculpatory evidence). A *Brady* claim requires a petitioner to show "(1) the prosecutor has suppressed evidence, (2) the evidence, whether exculpatory

*(Footnote Continued Next Page)*

November 17, 2015. On appeal, we affirmed. *See Commonwealth v. Johnson*, No. 3759 EDA 2015, unpublished memorandum (Pa. Super. filed December 12, 2016).

On July 26, 2017, Appellant filed a *pro se* PCRA petition seeking DNA testing, in addition to PCRA relief for a *Brady* violation (*i.e.*, Appellant alleged that the Commonwealth never disclosed exculpatory police reports from eyewitnesses). On appeal, Appellant abandoned the *Brady* violation claim, focusing solely on the PCRA court's refusal to order a DNA testing. We affirmed. *See Commonwealth v. Johnson*, No. 3285 EDA 2017, unpublished memorandum (Pa. Super. filed December 14, 2018).

On January 30, 2019, Appellant filed the instant *pro se* PCRA petition, which was supplemented and amended several times. The most recent version of the PCRA petition at issue in this appeal was filed on August 3, 2021. In his most recent PCRA petition, Appellant argues that the instant petition, while facially untimely, meets the governmental interference exception. Specifically, Appellant argues that the Commonwealth committed a *Brady* violation by suppressing or withholding police/incident reports,[3] and

_____

or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant." *Commonwealth v. Carson*, 913 A.2d 220, 244 (Pa. 2006).

[3] While Appellant speaks generally of police reports being withheld, in his most recent petition, Appellant mostly focuses on a statement given by witness Jacqueline Hayes to the police on October 5, 1998, in which, allegedly, Hayes described the perpetrator of the robbery as 5'6'' tall. Other reports describe the perpetrator as 5' 9'' and 6' 0" tall. Appellant argues that the Hayes report has been suppressed by the Commonwealth.

- 4 -

911 police recordings, which, in Appellant's understanding, provided exculpatory/impeachment evidence capable of changing the "tenor" of Appellant's trial. PCRA Court Opinion, 6/20/22 at 5.

On March 4, 2022, the PCRA court dismissed Appellant's petition. This appeal followed.

On appeal, Appellant raises the following question for our review:

> Did the PCRA court err in summarily dismissing Appellant's petition without a hearing pertaining to unknown facts, 42 Pa.C.S.A. § 9545(b)(1)(ii); governmental interference, 42 Pa.C.S.A. § 9545(b)(1)(i); after discovered facts, 42 Pa.C.S.A. § 9543(A)(2)(vi), and by not following the Pennsylvania Supreme Court's directive in **Commonwealth v. Small**, 239 A.3d 1267 (Pa. 2020) pertaining to the public record presumption?

Appellant's Brief at 4.

When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

**Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an

- 5 -

exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[4] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

The instant PCRA petition is facially untimely.[5] Appellant argues, however, that he meets the governmental interference timeliness exception,

---

[4] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and (2) files a petition raising this exception within one year of the date the claim could have been presented, *see* 42 Pa.C.S.A. § 9545(b)(2).

[5] Appellant was sentenced on May 2, 2000. We affirmed Appellant's judgment of sentence on August 29, 2001. Appellant did not file a petition for allocatur to our Supreme Court. Thus, Appellant's judgment of sentence became final on September 28, 2001. Accordingly, Appellant had until September 30, 2002, to file a timely PCRA petition. Accordingly, the instant *pro se* PCRA petition, which was filed on January 30, 2019, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

as set forth in 42 Pa.C.S.A. § 9545(b)(1)(i), and the newly-discovered fact exception, as set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii).[6] Specifically, Appellant argues that the PCRA court erred in not holding an evidentiary hearing on his petition "when the Commonwealth failed to answer Appellant's pleadings in a sufficient matter for the [PCRA court] to establish jurisdiction." Appellant's Brief at 16. To this end, Appellant explained:

> For example, the Commonwealth never addressed Appellant's averments that they withheld evidence in violation of [**Brady**], by informing the [PCRA court] whether the evidence was disclosed to trial counsel, or if it wasn't, whether or not the claim {governmental interference} could have been brought earlier with the exercise of due diligence.
>
> The Commonwealth refused to address these pertinent questions which goes to the jurisdiction of the court to address the controversy. Notwithstanding this, the Lower Court dismissed the petition as untimely, despite the record being completely silent on genuine issues of material fact. A remand is necessary to establish the record.

_____

[6] Section 9545(b), in relevant part, reads:

> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S.A. § 9545(b)(1)(i)-(ii).

> Moreover, the Lower Court erred as a matter of law, and abused its discretion by finding that Commonwealth's witness Jacqueline Hayes recent revelations did not constitute a "newly discovered fact." A remand is necessary to establish record.

*Id.* at 16-17 (verbatim).

Appellant's argument section spans several pages of his brief, mostly focused on the merits of his *Brady* claim. To the extent that Appellant discusses the timeliness of his petition, the discussion is premised on several faulty grounds.

Appellant apparently believes that his claim of governmental interference is proved by the simple fact that the Commonwealth did not dispute his allegations of wrongdoing. Appellant fails to appreciate that it is Appellant's burden to prove the timeliness of his petition. Whether the Commonwealth addresses timeliness is irrelevant. "As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of the exceptions applies. *Johnson*, No. 3795 EDA 2015, at *6 (citing *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)).

Appellant seems to believe, erroneously, that an allegation of a *Brady* violation exempts him from proving the timeliness of the petition. *Stokes*, *supra*; *Abu-Jamal*, 941 A.2d at 1268 ("Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference

by government officials, and the information could not have been obtained earlier with the exercise of due diligence.").

Furthermore, Appellant seems to believe that he can request and obtain an evidentiary hearing "to fl[u]sh out" the facts surrounding the alleged interference. Amended PCRA Petition, 8/3/21, at 10. Appellant must plead and prove he is entitled to relief and cannot use a hearing to find evidence supporting his claim. "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim . . . ." *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (quotation marks and citations omitted).

There are, however, additional problems with the timeliness of Appellant's petition. The thrust of Appellant's argument throughout the multiple filings and proceedings, at all levels, is that his conviction resulted from some sort of misidentification by eyewitnesses, that the Commonwealth has proof of inconsistent witnesses' identification, and that the Commonwealth unlawfully withheld or suppressed said inconsistent identification.

Appellant fails to appreciate that the issue of eyewitness identification and potential inconsistencies, in particular with eyewitness Hayes, has been addressed in prior proceedings, including his preliminary hearing, trial, PCRAs, direct appeal, and appeals from denial of PCRA relief. Indeed, focusing on the PCRAs only, as noted before, the issue was raised, unsuccessfully, in Appellant's third, fourth, and now, in his fifth PCRA petition. Thus, no relief is

due because the issue of alleged conflicting eyewitness identifications by Hayes qualifies as a "previously litigated" issue.[7]  ***See*** 42 Pa.C.S.A. § 9544(a)(2).

Similarly, and more importantly (giving that this is the main claim raised here), to the extent Appellant argues that the Commonwealth unlawfully withheld a statement made by Hayes, this very same claim already has been raised and addressed in previous PCRA petitions.  ***See Johnson***, No. 3759 EDA 2015.  As such, no relief is due on Appellant's ***Brady*** claim as it was previously litigated.

Appellant, in his own words, even admits that the very same issue he raises here already was raised in a previous, unsuccessful appeal.  To this end, Appellant states:

> Around July of 2013, Appellant's family hired an investigator who went to visit Jacqueline Hayes the October 5, 1998 robbery victim.

---

[7]  ***See Commonwealth v. Collins***, 888 A,2d 564 (Pa. 2005):

> [The term] "issue" refers to the discrete legal ground that was forwarded on direct appeal and would have entitled the defendant to relief.  ***See***, ***e.g.***, ***Sanders v. United States***, 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148 (1963) (defining "grounds" as "a sufficient legal basis for granting the relief sought by the applicant").  The theories or allegations in support of the ground are simply a subset of the issue presented.  Stated another way, there can be many theories or allegations in support of a single issue, but ultimately, § 9544(a)(2) refers to the discrete legal ground raised and decided on direct review.  Thus, at the most basic level, this section prevents the relitigation of the same legal ground under alternative theories or allegations.

***Id.*** at 570 (footnote omitted).

Ms. Hayes was shown a picture of Kevin Powell[8] the confessor to the September 22, 1998 robbery. It was at this time that Ms. Hayes stated in a post-trial statement that she never identified Appellant as committing any crime and that the perpetrator was 5'6 and that a person of Appellant's stature 6'0 would have stood out. Ms. Hayes stated that the night of the crime she was taken to a small precinct and gave police a statement identifying the guy as 5'6. . . .

Based upon this information, Appellant filed a PCRA petition alleging inter alia a [**Brady**] violation. Trial counsel never had none of this material. It's worth noting, that the Commonwealth throughout the proceedings never once stated that the evidence was disclosed to trial counsel.

The petition was ultimately denied without a hearing. The district attorney's argument opposing the petition was predicated upon that the evidence could have obtained earlier without any argument as to how.

This Court affirmed the lower court's decision. [**Johnson**, No. 3759 EDA 2015]. An allocatur petition to the Pennsylvania Supreme Court was denied and a request to file successive habeas petition in the third Circuit was denied.

Appellant's Brief, at 11-13 (citations to exhibits omitted).

Thus, because the **Brady** claim has been previously litigated, Appellant is unable to meet the governmental interference exception.

In his questions for our review, Appellant appears to rely on the newly-discovered fact exception to overcome the facial untimeliness of his underlying petition. To the extent Appellant raises a newly discovered fact exception

---

[8] "Kevin Powell, another state inmate, . . . supposedly admitted to participating in an armed robbery that [Appellant] had been convicted of." **Commonwealth v. Johnson**, No. 3759 EDA 2015, at 3, unpublished memorandum (Pa. Super. filed December 12, 2016) (footnote omitted).

- 11 -

based on Hayes's 2013 statement, we note that the claim has been raised before. *Johnson*, No. 3759 EDA 2015. Additionally, Appellant makes the same mistake he made in his previous unsuccessful attempt at PCRA relief. The statement from eyewitness Jacqueline Hayes is from 2013, and nowhere does Appellant explains why he waited approximately 15 years to contact her. Indeed, in his previous, unsuccessful appeal we noted:

> Appellant maintains he is entitled to the section 9545(b)(1)(ii) PCRA timeliness because he filed his PCRA petition within 60 days of receiving an investigative report alleging that Hayes gave a statement to the police[.] However, . . . Hayes testified at Appellant's pre-trial hearing and trial, and [was] subject to cross-examination by Appellant. Appellant's petition does not explain, as it must, why he waited 15 years to contact [this witness] and question [her] further. Failing to speak with known, available witnesses for 15 years does not amount to reasonable diligence on Appellant's part.

*Commonwealth v. Johnson*, No. 3759 EDA 2015, unpublished memorandum, at 9 (Pa. Super. filed December 12, 2016) (footnote omitted). Thus, Appellant is unable to meet the newly-discovered fact exception. Because Appellant failed to prove that the instant petition is timely, we are unable to entertain the merits of the petition.[9]

---

[9] In passing we note that, even if the *Brady* issue had not been previously litigated, or if it was otherwise timely, Appellant would not have been entitled to relief because Hayes's statement "would be merely cumulative of Appellant's cross-examination at trial and/or could be used merely to impeach the witness[.]" *Johnson*, No. 3759 EDA 2015, at 10.

Even if the statement existed, Appellant would not be eligible for relief because the statement would not qualify as "after-discovered evidence" under 42
*(Footnote Continued Next Page)*

Finally, Appellant argues he is entitled to a remand due to the PCRA court's failure to provide a Rule 907 notice. We disagree.

The PCRA court noted:

> While the dismissal notice is mandatory, dismissals have been upheld in the absence of said notice. In **Commonwealth v. Pursell**, [749 A.2d 911 (Pa. 2000)], the [Supreme Court] denied relief where [the] petition was dismissed without notice because defendant had failed to prove one of the exceptions to the one-year filing period.

PCRA Court Opinion, 6/20/22, at 5.

Applying **Pursell**, the PCRA court noted: "[Appellant] has failed to plead and prove the newly-discovered facts exception or the governmental interference exception to the PCRA jurisdictional time bar. . . . Therefore, [the PCRA court] lacks jurisdiction to review [Appellant]'s PCRA petition, and thus it was adequate for it to be dismissed without notice. **Id.** at 6.

Appellant, however, argues that reliance on **Pursell** is misplaced because, according to Appellant, the **Pursell** rule is limited to ineffective

---

Pa.C.S.A. § 9543(a)(2)(vi). To establish such a claim, a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **See Commonwealth v. Cox**, 146 A.3d 221, 228 (Pa. 2016) (internal quotation marks and citation omitted). Because the statement at issue here "would be merely cumulative of Appellant's cross-examination at trial and/or could be used merely to impeach the witness" **Johnson**, **supra**, the statement does not qualify as after-discovered evidence, preventing Appellant from being eligible for relief under the PCRA.

assistance of counsel situations, and it does not extend to due process violations (**Brady** violations). Appellant's Brief at 42-43. Appellant contends the difference in treatment between the two situations is that ineffective assistance of counsel does not provide an independent ground to overcome the PCRA time restrictions. **Id.** at 43 (citing **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000)). In other words, Appellant apparently believes that **Brady** violation claims are independently enforceable, regardless of their timeliness.

Needless to say, Appellant offers no authority for his novel argument. Indeed, caselaw abounds that all claims that fall within the purview of the PCRA must be timely raised, even if they raise issues of constitutional dimension. **See Commonwealth v. Breakiron**, 781 A.2d 94, 100-01 (Pa. 2001); **Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) ("we have already held that, in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review") (internal citation omitted).

Regarding the specific issues raised here, we note the **Pursell** Court's statement regarding the absence of a Rule 907 notice is not as restrictive as Appellant argues. Indeed, the Supreme Court stated:

> We recognize the merit in Appellant's first claim that the trial court failed to comply with [Rule 907] when it dismissed Appellant's petition without the requisite notice in advance. While we do not condone the trial court's error in this regard, we will not provide

Appellant with relief on this issue as our independent review has determined that Appellant failed to invoke the jurisdiction of the trial court by failing to plead and prove the applicability of the timeliness exceptions contained in 42 Pa.C.S. § 9545(b)(1)(i)–(iii).

*Pursell*, 749 A.2d at 917, n.7. *See also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (Even when a petitioner preserves a claim that a PCRA court failed altogether to provide notice of dismissal under Rule 907, it does not automatically warrant reversal when the petition is untimely).

Here, the PCRA court denied Appellant's PCRA petition as untimely, yet nothing in his argument regarding the failure of the PCRA court to issue a Rule 907 notice in this case bears upon the timeliness of his petition. Indeed, Appellant has failed to demonstrate that he was adversely affected at all by the absence of a Rule 907 notice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023

- 15 -